**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JACQUE MCQUAIG** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-3383** |
| **IMPERIAL FIRE & CASUALTY INSURANCE COMPANY** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this Hurricane Ida flood insurance dispute is an unopposed motion[1] for summary judgment filed by Defendant Imperial Fire & Casualty Insurance Company. The motion was noticed for submission on February 4, 2026, making Plaintiff's response due January 27, 2026. *See* LOCAL CIVIL RULE 7.5. No response was filed so the Court considers the motion unopposed.

The unopposed motion has merit. As a threshold matter, Defendant's statement[2] of undisputed material facts is uncontroverted and thus all such material facts are "deemed admitted" under Local Rule 56.2. Defendant submits—and the summary judgment record establishes—that Plaintiff failed to submit to Defendant, on or before the FEMA-prescribed deadline, a "Proof of Loss" with competent supporting documentation for the instant flood claim, as specifically required by Articles VII(J)(3), VII(J)(4), and VII(J)(5) of Plaintiff's Standard Flood Insurance Policy in order to recover additional federal dollars requested in the instant lawsuit. For this and the following reasons, Defendant has demonstrated entitlement to

---

[1] ECF No. 75.
[2] ECF No. 34-2 (34-4 through 12 inclusive of exhibits).

judgment as a matter of law so its motion for summary judgment is granted, and Plaintiff's lawsuit is dismissed with prejudice.

## I.    BACKGROUND

This is a Hurricane Ida flood insurance dispute.

Hurricane Ida caused damage by flooding Plaintiff's property at 425 Martin Lane in Port Sulfur, Louisiana: a property which was not Plaintiff's primary residence but, instead, was used as a "seasonal dwelling."[3] Defendant Imperial Fire & Casualty Insurance Corporation ("Imperial") was a Write-Your-Own Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, *et seq.*).[4] National Flood Insurance Program ("NFIP") Standard Flood Insurance Policy ("SFIP") Dwelling Form No. 0000768376, issued by Imperial for Plaintiff's property, was in full force and effect at the time of the flood loss on or about August 29, 2021.[5]

On or about September 7, 2021, Plaintiff notified Imperial of a flood loss claim following Hurricane Ida, which occurred on or about August 29, 2021.[6] One week later, FEMA issued Bulletin W-21020 wherein the Proof of Loss filing deadline set forth in SFIP Art. VII(J)(4) was extended for flood claims stemming from Hurricane Ida to 180 days from the date of loss.[7] This extended Plaintiff's deadline until

---

[3] ECF No. 34-2 ¶¶2-4.
[4] *Id.* ¶1.
[5] *Id.* ¶2.
[6] *Id.* ¶4.
[7] *Id.* ¶5.

February 25, 2022 to submit a Proof of Loss and supporting documentation to establish his SFIP-compliant flood claim for payment of federal flood benefits as a result of Hurricane Ida.[8]

Imperial acknowledged the flood claim and assigned the loss to an independent adjuster pursuant to Article VII(J)(7) of the SFIP.[9] The independent adjuster inspected the property and determined that flood water had risen to a level of 96 inches beneath the elevated structure, several inches below the underside of the elevated floor of the structure, and that no flood water had entered the elevated first floor of the dwelling.[10]  As such, the independent adjuster recommended payment for cleanup, mildewcide and other items, for a total payment of $2,608.60 after application of non-recoverable depreciation and the deductible.[11]

In compliance with 44 C.F.R. §62.23, Imperial reviewed the adjustment and recommendations of the independent adjuster, verified the claim and determined that the SFIP-covered and payable amount of the damage due to direct physical damage by or from flood was $2,608.60.[12] On October 27, 2021, Imperial issued payment to Plaintiff in the amount of $2,608.60 for the SFIP-covered and payable flood damages to the structure for the August 29, 2021 flood loss.[13]

On February 28, 2022, Plaintiffs submitted to Imperial an engineering report by RJLPC Engineering Consultants indicating damage to the roofing system and the

---

[8] *Id.*
[9] *Id.* ¶6.
[10] *Id.*
[11] *Id.* ¶7.
[12] *Id.* ¶8.
[13] *Id.* ¶9.

3

support structure caused by storm surge and racking.[14] In response, Imperial hired SDII engineers to inspect the property and review the Plaintiff's engineering report. SDII Global determined the flood water did not enter, flood did not cause structural damages to the piles or framing system, and instead out-of-plumbing walls and uneven floors were caused by long term differential movement of the soil.[15] Based upon SDII's report, Imperial denied Plaintiff's claim for supplemental payment on April 26, 2022.[16]

Plaintiff never submitted a proof of loss or SFIP-compliant documentation to support any request for additional payment for the August 29, 2021 flood loss.[17] Plaintiff never submitted SFIP-compliant documentation indicating incurred costs of repair or replacement of flood-damaged items to satisfy the Loss Settlement clause to support a request for additional payment.[18] Plaintiff failed to timely submit a proof of loss and/or supporting documentation to support any claim for a supplemental payment of flood benefits in violation of SFIP Articles VII(J)(3)(4).[19]

Pursuant to SFIP Article VII(D), the SFIP provisions cannot be changed nor can any of its provisions be waived without the express written consent of the Federal Insurance Administrator; no further written waivers have been issued by FEMA for the Plaintiffs' flood loss beyond the waiver in WYO Bulletin W-21020.[20]

---

[14] *Id.* ¶10.
[15] *Id.* ¶11.
[16] *Id.* ¶12.
[17] *Id.* ¶13.
[18] *Id.* ¶14.
[19] *Id.* ¶15.
[20] *Id.* ¶16.

Plaintiff disagreed with Imperial's decision to deny supplemental payment and filed suit in the 25th Judicial District Court for the Parish of Plaquemines on August 26, 2022. Plaintiff also purported to advance state-law based extra-contractual claims for or otherwise seek to recover attorney's fees, general and special damages, penalties, litigation expenses, pre-judgment and post-judgment interest and all other relief.[21]  Imperial timely removed the lawsuit to this Court, invoking the Court's federal question jurisdiction.[22] Contending that Plaintiff failed to comply with federal law and Articles VII(J)(3), VII(J)(4), VII(J)(5), and VII(R) of the SFIP, Imperial now moves for summary judgment dismissing Plaintiff's lawsuit with prejudice.

## II.    LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Plaintiff does here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an

---

[21] ECF No. 1-2.
[22] ECF No. 1.

issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

### B. Standard Flood Insurance Policies

The Federal Emergency Management Agency ("FEMA") operates the National Flood Insurance Program ("NFIP") and issues policies directly or through private Write Your Own ("WYO") insurers, which act as fiscal agents of the United States. *Clark v. Wright Nat'l Flood Ins. Co.*, 821 F. App'x 342, 344 (5th Cir. 2020) (unpublished, per curiam). Policies issued by WYO insurers are in the form of a Standard Flood Insurance Policy ("SFIP"), which is a regulation issued by FEMA. *See Marseilles Homeowners Condo. Ass'n. v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008). "Although WYO insurers administer SFIP policies, payments made pursuant to such policies are 'a direct charge on the public treasury.'" *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) (quoting *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998)).

SFIP provisions "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998). Strict compliance is required because "SFIP claims are paid from the federal treasury." *Id.* at 953, 955 ("Requiring [litigants] to turn square corners when dealing with the Treasury . . . expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury." (internal quotations, citation omitted)). Absent "the express written consent of the Federal Insurance Administrator[,] no provision of the [SFIP] can be altered, varied, or waived[.]" *Id.* at 953.

"[A]n insured cannot file a lawsuit seeking further federal benefits under the policy unless the insured can show prior compliance with all policy requirements." *Marseilles Homeowners Condo. Ass'n Inc.*, 542 F.3d at 1055; *see also* 44 C.F.R. pt. 61, app. A(3), art. VIII(R) (2020) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy."). Examples of SFIP requirements that are conditions precedent to filing suit include: [1] the insured timely must submit a signed and sworn proof of loss supported by the proper documentation (SFIP Art. VII(J)(4)); [2] the insured timely must submit a properly supported proof of loss to prove up and justify any additional amount of flood benefits sought (SFIP Art. VII(J)(4)(f) and (5)); and [3] the insured may not sue to recover money under the SFIP unless suit is timely filed in the United States District Court of the district where the covered property is located (SFIP Art. VII(R)).

### C. Plaintiff's Failure to Strictly Comply with the SFIP Dooms His Claim and Entitles Defendant to Summary Judgment.

Here, it is undisputed that Plaintiff failed to comply with the SFIP's mandatory requirements. Plaintiff's "failure to strictly comply with the SFIP's provisions—including the proof-of-loss requirement—relieves the federal insurer's obligation to pay the non-compliant claim." *See Ferraro*, 796 F.3d at 534 (holding that insureds had to submit additional proof of loss to recover additional amount on preexisting claim under SFIP). Defendant is entitled to summary judgment dismissing Plaintiff's breach of contract claim, which fails as a matter of law, given Plaintiff's undisputed non-compliance with the strictly-construed SFIP requirements. Imperial's statement of uncontested facts is deemed admitted. *See* Local Rule 56.2. Uncontroverted, these

facts entitle Defendant to judgment as a matter of law because the record shows that Plaintiff failed to: timely file suit in the proper U.S. District Court as required by SFIP Article VII(R); timely submit a proper signed and sworn Proof of Loss in support of his claim for the additional federal benefits he seeks in this lawsuit as required by Article VII(J)(4) and (5) of the SFIP; and timely submit the requisite documentation of the flood related damage to support his claim for the additional federal funds he seeks in this lawsuit as required by Article VII(J)(3) and VII(J)(4)(f) of the SFIP. Each independent instance of non-compliance is a separate and distinct basis for summary judgment. *See, e.g., Morrow v. Imperial Fire & Cas. Ins. Co.*, No. 25-1243, 2026 WL 81692, at \*5 (E.D. La. Jan. 12, 2026) (Ashe, J.); *Woodland Villas Condo. v. Wright Nat'l Ins. Co.*, No. 23-1586, 2024 WL 4452326, at \*5 (E.D. La. Oct. 9, 2024) (Africk, J.), *aff'd*, No. 24-30722, 2025 WL 1260440 (5th Cir. May 1, 2025) (unpublished, per curiam). Absent compliance with all SFIP requirements, Plaintiff is barred from filing the instant lawsuit to recover money under the policy. Plaintiff's claims must be dismissed.

Furthermore, insofar as Plaintiff purports to allege state-law based extra-contractual claims for general and special damages, penalties, attorney's fees, litigation expenses, pre-judgment and post-judgment interest, claims seeking such relief are not authorized by the NFIP or SFIP, are preempted by federal law, and must be dismissed. *See, e.g., Wright v. Allstate Ins. Co. (Wright I)*, 415 F.3d 384, 390 (5th Cir. 2005) (holding that state law tort claims arising from a WYO's claims handling are preempted); *Wright v. Allstate Ins. Co. (Wright II)*, 500 F.3d 390, 398

(5th Cir. 2007) (affirming district court's order denying insured's request to grant insured leave to amend his complaint to include extra-contractual claims against WYO insurer).

## III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's unopposed motion[23] for summary judgment is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 31st day of March, 2026.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[23] ECF No. 34.

9